first case we're ready to go with. So why don't we start with 23-65-84, Diego Daniel Penaranda Arevalo v. Garland. I understand we have Mr. Giudice? Very good. Anthony Giudice, Your Honor. Giudice. Okay, Mr. Giudice. I understand you would like to reserve two minutes for rebuttal? Yes. Please, whenever you're ready. Good morning, Your Honors. May it please the Court. I'm Anthony Giudice. I'm representing the petitioner, Penaranda. Before we begin, I just want to clarify something. Penaranda's current wife is named Lucia, as is his first wife. So to avoid any confusion, let's call the first wife, the ex, we'll call her Lucy. The daughter. The daughter. And we'll call the second wife Lucia. Okay? The Court should vacate the BIA order and remand this case back to the BIA and eventually for a new hearing for three reasons. One, substantial evidence does not support the BIA's clear error review. Two... Wait a minute, hang on a second. How do we have... Clear error review is of a factual finding, right? Yes. How do we have jurisdiction to review a factual finding? If there's, if the BIA committed clear error, the Court has... Right, that's the standard for reviewing a factual finding, but I thought we don't have jurisdiction. You have substantial evidence jurisdiction to review a clear error finding of the BIA. Not a fact. Not a fact. Well, if that's the case, then the BIA was applying legal standards to known factual findings. That's... And you say that those, the legal standards it applied were incorrect? I'm saying the BIA's... The BIA is supposed to review facts for clear error. I'm saying the BIA did a faulty analysis. It's subject to your substantial evidence. But hang on a second. We have a jurisdictional bar. We're limited to reviewing questions of law, constitutional questions and questions of law, right? Correct, Your Honor. Okay. So tell us what is the question of law that you're asking us to review? Just... You are, you are under the... You review factual findings for substantial evidence. So hang on a second. You're saying the question of law is a finding of fact? No, no. So what it would be a finding of fact that we cannot review? You do understand there are findings of fact we cannot... I'm sorry. I'm interrupting you. Just articulate. I'm trying to understand in your mind the difference between a factual question and a legal question. All right. Under Patel, the petitioner Patel checked the wrong box on a driver's license and claiming to be a U.S. That is fact. That is unreviewable. There's no law involved. And the court did not find that clear error review to be erroneous, to be... They found it to be supported by substantial evidence. So they couldn't review it. Let me ask you this. Maybe let me frame it a different way. The question of what your client's purpose was is a finding of fact, right? What was in his head is a finding of fact, right? You would agree with that? What someone's purpose is. Okay. Second question. Whether or not his statements were false is also a question of fact, you would agree, right? Yes. Okay. So we can't review whether his statements were false and we can't review what his purpose was in making those statements. You would agree with that? No, I wouldn't. You are... If the BIA... Is the BIA omnipotent? Are they flawless? What if they make a factual error review? I don't mean to ask a question. If they make a factual review error, then don't you have jurisdiction to... I'm sorry, I'm asking another question. Then the court has jurisdiction to review it. Under what? What if there is a... What if... I'm sorry, I keep asking... Under what statute? Because we have a statute that specifically says we don't. And so I'm trying to figure out where you think our jurisdiction to review even a clearly erroneous finding of fact lies. If you don't have jurisdiction, then I would hold, I would maintain that you... And the case just needs to be remanded on the basis of no factual findings. What is the alternative? Well, there are factual findings here. You don't agree with them. Am I missing something? Why? I'm sure it's my error, but I need this question answered. And I don't want to ask the court a question. It's bad protocol. Is the BIA omnipotent when it comes to factual findings? No, I think the question, and maybe let me frame the question, is if Congress has limited the jurisdiction of this court in a way that we are forbidden from reviewing factual findings, how do you get us to review those factual findings? Not a question of whether they are omnipotent, but whether we have been provided statutorily subject matter jurisdiction to review them. I think that is the framing of the question. And I guess let me parse it down to two. Number one, do you agree that we are only provided in cases like this with jurisdiction to review questions of law or constitutional questions? Yes, I would agree with that. And that means that we do not have subject matter jurisdiction to review factual findings. Do you agree with that statement or not? No. And may I elaborate? That would be helpful. Clear error review is a legal question. The BIA has to conduct clear error review according to law. And if they don't, what does an appeals court do? So that I understand, is your argument that they failed to conduct clear error review or they were erroneous in failing to find clear error? Your substantial evidence review of their findings. I ask this because in the first page of the BIA decision, it says, we review findings of fact, including credibility findings, under a clearly erroneous standard. And so it does seem that the BIA understood the legal standard for its review. That suggests to me that you just disagree with the factual conclusion it reached, unless I'm missing something. If I don't disagree with it, and they completely botched the factual review, how on earth do I bring it to the attention of the court? Well, let me ask you this. Even if we were persuaded by this, what's the error in the finding that your client failed to establish good moral character, given that the finding that he was involved in a first sham marriage? Your client, to get the relief he wanted, had to demonstrate that he had good moral character, right? Yes. The immigration judge found that he failed to carry that burden, in part because he had lied about his initial marital status. It was a sham. That was not proven, and there's evidence to dispute that. Well, there was a statement from his first wife, initially, that it was a sham, which she then retracted, which means that the agency gets to choose as to whether it believed that she told the truth initially, or told the truth later. It found that she told the truth initially. If you want it, all right. Loper Bright says you don't owe them any deference, and in this case, I don't believe you did. Sorry, who doesn't owe whom deference? The BIA. The BIA doesn't owe deference to the... You don't owe deference to the BIA. Says who on this question? Loper Bright. Chevron was overturned, was it not? I thought you just were arguing that we review for substantial evidence, that the Supreme Court has said that's the most deferential standards of review. Correct. So how do you say we don't owe deference? Because you just told me we do owe deference. No, I said you do not owe deference. Right, under Loper Bright, but then I just said that you have been arguing that we apply the substantial evidence standard to review the factual findings, right? Yes. And the Supreme Court has said that the substantial evidence standard is one of the most deferential standards of review there exists. Yes. So those last two sentences I just said, and with which you agreed, show that we do owe deference to the factual findings of the BIA, do we not? I suppose so, Your Honor. Okay, we've kept you up past your time. No, that's fine. Why don't we hear from the government, and then you've reserved two minutes. Thank you. The switch is finicky. All right, that's good enough. Good morning, Your Honors. May it please the Court. Taryn Arbeiter for Respondent, U.S. Attorney General Merrick Garland in this matter. I just want to start by answering the Court's question as to what is reviewable and what is not reviewable in this case. The types of reviewable questions in this case could include a claim that the Board has misapplied legal standards or misinterpreted the statute. An example of that would be in this Court's case in Medina, where the Court answered the question of what sort of testimony can be considered, the meaning of a purpose or benefit under federal or state law is a question that this Court considered in Richardson. That's a question of law in a related statute regarding admissibility. And in Cungas, the Supreme Court considered whether or not there was a materiality requirement in the statute. This Court could also consider whether the Board has totally overlooked facts or seriously misconstrued the evidence that happened in Mendez v. Holder, this Court's case from 2009. This Court could consider whether the Board has failed to make adequate findings. This Court could consider whether once the factual questions are answered, those facts arise to a per se bar of good moral character. And this Court can consider whether the agency applied an incorrect burden of proof. Yeah. Can I ask you the second to last point you made about whether a given set of facts amount to a finding of not good moral character. Here the statute provides expressly that if someone has given false testimony with a specific purpose that they have not shown good moral character. Would you agree? Yes. So as for the predicate finding of what someone's purpose was and as to whether the testimony was false, is it your view that those two findings would constitute factual findings? Yes, Your Honor. And then even if it has been a legal question of whether those findings amount to a lack of good moral character, isn't the legal answer always yes? I mean, maybe it is a legal question, but isn't it an easy question because the statute tells us what the answer is? Yes, Your Honor. In most cases, it would be an easy question. Like other cases, you said most, are there some tricky ones? If a judge, again, presupposing that the agency has made the predicate findings of falsity and the requisite purpose, when would it be tricky to determine whether those translate into a lack of good moral character given the statute? Well, Your Honor, this is something that the Ninth Circuit in an unpublished decision mentioned or alluded to, noting that the petitioner in that particular case had not raised any issues about whether those two factual findings rise to the per se bar. But I can imagine a scenario in which, for example, a petitioner is disputing how much subjective intent is required under the statute, some matter of statutory interpretation of what does subjective intent require or something along that line. That is not the case here. Why would that be? Why is that not just a factual finding? I guess I'm kind of confused. Intent, I thought, is just a mental state. Did you have a purpose or not? I guess I'm not sure why you would take the position that that requires some legal analysis. In most cases, Your Honor, it would not. And in this case, it's certainly a simple question. Those factual questions were met, and that raises to the per se bar. Having not considered every possible situation in which this legal question could be raised, I can't say with absolute certainty that there couldn't be some sort of legal question that arises. But in this case, it's very clear that there is not. So as we just discussed. Can I ask, as to good moral character more broadly, are there not instances, or I'm thinking about the Wilkinson case, and I'm trying to decide how we would distinguish the Wilkinson case, where it looked at one of the eligibility requirements and said it was a mixed question, while here we're looking at good moral character. And because, as my colleague says here, it would be an easy question. Are there no instances where the judge could make a decision about good moral character that did not fit into 1101F, for example, and the court could review it to decide if those factual decisions reached no good moral character? Yes, Your Honor. And in fact, the position of our office is that the catch-all provision of 1101F, the catch-all provision, could be one of those standards under Wilkinson, where a set of established facts rises, whether that meets the legal standard. I don't have that statute in front of me. Would you just tell me, F1, what subsection is that? So I believe it's now F9. And what does that say, because I don't have that text in front of me? I don't have the text in front of me either, but it's a catch-all provision that states that the agency can find good moral character beyond the per se qualifications, for any other reason. So, you know, for example, if the person has multiple DUIs, it would be an example that's Is that, and again, I apologize, I just don't have it in front of me. F6 says that no person shall be regarded as or found to be a person of good moral character who gives false testimony for the purpose of obtaining any benefits. Is F9, I have to look at this. Does that create an exception to F6? No, Your Honor. So F9 is the catch-all provision and F6 is a per se bar. And so F9 isn't an issue in this case. I was just trying to answer the judge's question about whether there could be a Wilkinson-type mixed question that is reviewable. And so your answer is that there is, and it does not here? Yeah, there is. For example, if the agency has concluded that there's not good moral character under the catch-all provision, whether a certain set of facts rises to a lack of good moral character can be a mixed question. But in this case, and in this case, this is a legal question as well, whether this per se bar is met. However, as we just discussed, the factual determinations are pretty well determinative in every case, almost every case. You said there is a legal question in this case we have to decide? Well, Your Honor, whether or not... Is it the easy one I articulated about whether you plug F6 in? Yes, that's what I'm referring to. And the answer is, of course, you have to because the statute says you have to. So is it that your position, there is a legal question, but it's almost frivolous to argue it the other way. Factual questions here. Well, it's not really folded in, that there's a predicate factual question. What was in his brain? What was his purpose? There is the question of whether he gave false testimony. Those are two factual things. Correct. And once you have those things, the statute makes it automatic. It's not like extreme and unusual hardship, which is a standard that requires a certain amount of judgment or application of a lot of the facts. Here, it's an on-off switch. It's either a yes or no. It's a binary choice. Ryan? Your Honor, I do agree with that. And I cannot think of any example where that would not be the case. Although I know that the Ninth Circuit, in an unpublished case, didn't kind of leave open the possibility that there might be an inventive argument at some point in the future that somehow the legal standard isn't met. But I can't imagine that. Not arguing that the agency failed accurately to apply the law that applies to false statements. It's arguing that the facts that were found should nevertheless be viewed as mitigating in some way. So I'm still having trouble thinking why you think there's a question of law here presented. I mean, otherwise, your argument would reduce to every question is a question of mixed law and fact, because the agency is always applying the facts as it finds them to a legal standard that governs its determinations. Am I missing something? No, your Honor. I'm just going to read. I don't think you want to go that far, unless I'm mistaken. No, I do not. Yes. As we argued in our brief. In Mendez v. Holder, we have talked about, this Court has talked about, that questions of fact can implicate questions of law if the argument is that the agency totally overlooked or seriously mischaracterized important facts. So you would agree that that has already been recognized by this Court as a circumstance where a factual challenge might implicate a question of law. Would that be right? Yes, your Honor. And I gave, at the beginning of my argument, five sort of examples of what could be a question of law, and none of those are present here. With that, unless there's further questions. No, that's fine. Thank you very much. Mr. Giudice, if you would like to, you have two minutes for rebuttal. If there's anything you'd like to add. I have nothing further to add, your Honors, unless you all have questions. Thank you. Thank you very much. We have your arguments, and we will reserve decision. Thank you both very much.